**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

Ricardo **BONILLA–MATEO,** also known as Jose Martinez, also known as Ricardo Reyes, also known as Jose Mexilla, also known as Milton Sunega, also known as Jarson Diaz Lopez, also known as Ricardo Mateo Bonilla, also known as Jose Mandando, also known as Jose Alvarado Reyes, also known as Jose Ricardo Reyes, also known as Milton Reyes Zuniga, also known as Ricardo Mateo, also known as Ricardo Bonilla, Defendant–Appellant.

**No. 07–20687**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2009.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Ricardo Bonilla–Mateo asks us to direct the district court to correct his judgment

---

of conviction under Federal Rule of Criminal Procedure 36 to reflect that he was convicted under 8 U.S.C. § 1326 of knowing and unlawful presence in the United States after deportation following conviction for an aggravated felony. Section 1326 is entitled "[r]eentry of removed aliens." The judgment describes the offense as "[i]llegal reentry into the United States after deportation following conviction for aggravated felony."

Rule 36 authorizes the correction of clerical errors, which exist when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Steen*, 55 F.3d 1022, 1026 n. 3 (5th Cir.1995) (internal quotation marks and citations omitted). Because the description of the offense closely tracks the title of § 1326, there is no indication of mistake or oversight. Rather, it appears that the district court intentionally used the phrase "[i]llegal reentry" to refer to § 1326 generally. *See United States v. Buendia–Rangel*, 553 F.3d 378, 379 (5th Cir.2008). Therefore, there is no clerical error, and the judgment of the district court is AFFIRMED.

___

* Pursuant to 5TH CIR. R. 47.5, the court has

determined that this opinion should not be